RECEIVED AUG 2 5 2017 AT 8:30_____M WILLIAM T. WALSH CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

AARON GLOVER,

    Plaintiffs,

v.

NEW JERSEY STATE PAROLE BOARD, et al.,

    Defendants.

HONORABLE ANNE E. THOMPSON

Civil Action
No. 17-2889 (AET-LHG)

**OPINION**

**THOMPSON, District Judge:**

## I. INTRODUCTION

Before the Court is Aaron Glover's amended civil rights complaint pursuant to 42 U.S.C. § 1983. Amended Complaint, Docket Entry 3. At this time, the Court must review the complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the complaint will be dismissed without prejudice for failure to state a claim.

## II. BACKGROUND

Plaintiff alleges the New Jersey State Parole Board ("Parole Board") did not conduct his probable cause and revocation hearings in the time required under New Jersey law.

Amended Complaint ¶ 6. He states he was returned to Mercer County Jail on January 20 and transferred to prison on January 23. He claims his probable cause hearing should have been conducted on February 8, but did not take place until March 7, 2017. *Id.* He further alleges the revocation hearing took place on June 20, 2017, which exceeded the permitted amount of time. *Id.*

Plaintiff originally filed his complaint on April 27, 2017. This Court administratively terminated the complaint as Plaintiff did not pay the filing fee or submit a complete *in forma pauperis* application. Docket Entry 2. Plaintiff submitted an *in forma pauperis* application and amended complaint on June 23, 2017, and the Court granted the *in forma pauperis* application. Plaintiff seeks relief in the amount of $500,000 for mental anguish, suffering, and stress. *Id.* ¶ 7.

### III. STANDARD OF REVIEW

#### A. Standards for a Sua Sponte Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, see 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, see 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, see 42 U.S.C. § 1997e. The

PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A because Plaintiff is a prisoner proceeding *in forma pauperis* and is seeking relief from a government entity.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim,[1] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x. 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

3

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (following *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992). Although *pro se* pleadings are liberally construed, plaintiffs "still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## B. Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

§ 1983. Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured

4

by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**IV. ANALYSIS**

Plaintiff alleges the Parole Board violated his due process rights when it failed to hold timely probable cause and revocation proceedings. His claims for monetary damages against the Parole Board are barred by the Eleventh Amendment, however.

The Eleventh Amendment to the United States Constitution provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. The Parole Board, a state agency, is entitled to Eleventh Amendment immunity from suit in federal court. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."). *See also Goodman v. McVey*, 428 F. App'x 125 (3d Cir. 2011) (holding Pennsylvania Board of Probation and Parole is a state agency

entitled to Eleventh Amendment immunity); *Madden v. N.J. State Parole Bd.*, 438 F.2d 1189, 1190 (3d Cir. 1971) (per curiam) (noting Parole Board is not a person subject to suit under § 1983); *Ferguson v. Isabella*, No. 12-2662, 2014 WL 282757, at *3 (D.N.J. Jan. 21, 2014) (citing cases). The claims against the Parole Board must be dismissed with prejudice.

To the extent the complaint could be construed as raising claims against Parole Board Chairman James Plousis, Plaintiff has failed to state a claim as he has not pled sufficient facts regarding Chairman Plousis' personal involvement in the alleged constitutional violation. *See Goodman*, 428 F. App'x at 127 (holding plaintiff failed to state claims against parole board chairperson because claims "under § 1983 cannot be sustained on the basis of respondeat superior"). As Plaintiff may be able to allege facts supporting the personal liability of Chairman Plousis or another individual, Plaintiff shall be permitted to move to amend his complaint within 30 days of the date of this opinion and order. Any motion to amend must be accompanied by a proposed second amended complaint.

Plaintiff should note that when a second amended complaint is filed, the amended complaint no longer performs any function in the case and cannot be utilized to cure defects in the second amended complaint, unless the relevant portion is specifically incorporated in the second amended complaint. 6 Wright, Miller &

Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). The second amended complaint may adopt some or all of the allegations in the amended complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file a second amended complaint that is complete in itself. *Id.* The second amended complaint may not adopt or repeat claims that have been dismissed with prejudice by the Court.

**V. CONCLUSION**

For the reasons stated above, the claims against the New Jersey State Parole Board are dismissed with prejudice as it is immune from suit. 28 U.S.C. § 1915(e)(2)(B)(iii). The complaint is dismissed without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff may move to amend his complaint within 30 days.

An appropriate order follows.

8/18/17
Date

ANNE E. THOMPSON
U.S. District Judge